IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Criminal No. GLR-20-0210 |
| v. | * | |
| CHE DURBIN | * | |
| Defendant | * | |

* * * * * * * * * * * *

**SENTENCING MEMORANDUM**

Che Durbin, the Defendant, by and through counsel, Catherine Flynn, pursuant to 18 U.S.C. 3553 (d)(1), submits this sentencing memorandum for consideration in this Court's determination of an appropriate sentence and respectfully asserts the following:

**I.  INTRODUCTION**

On March 10, 2022, Mr. Durbin was convicted of conspiracy to possess with intent to distribute 500 grams or more of cocaine and possession with intent to distribute 500 grams or more of cocaine. Sentencing is set for September 16, 2022.

Mr. Durbin was arrested on May 12, 2020 in Harford County and was incarcerated at the Harford County Detention Center. He had an initial appearance in United States District Court on August 7, 2020. He has been detained at the Chesapeake Detention Facility since that date. Therefore, when Mr. Durbin is sentenced, he should be entitled to credit from the date of his arrest. Mr. Durbin has had an opportunity to review and discuss with undersigned

1

counsel the pre-sentence report prepared by the U.S. Probation Office in this case and has no objections.

In accordance with Rule 32 of the *Federal Rules of Criminal Procedure* and U.S.S.G. §6A1.3, this memorandum is intended to apprise the Court of the defendant's position with regard to calculation of the advisory guidelines, address any disputes related to sentencing, and to provide important information in support of his sentencing recommendation. For the reasons stated herein and to be further developed at the sentencing hearing, Mr. Durbin submits that a sentence of 120 months of imprisonment is sufficient, but not greater than necessary, to achieve the goals of sentencing articulated in 18 U.S.C. § 3552(a).

## II.  GUIDELINE CALCULATION

In Count One, Mr. Durbin was convicted of conspiracy to distribute and in Count Two and Three, possession with the intent to distribute 500 grams or more of cocaine. The jury acquitted Mr. Durbin of conspiracy to distribute 5 kilograms or more of cocaine. The base offense level should be 24, pursuant to USSG 2D1.1(5). The Government asks this Court to ignore the jury's considered verdict and sentence Mr. Durbin in accordance with the specific Count for which he was acquitted. Mr. Durbin objects to the Government's argument and requests that he be sentenced in accordance with the actual findings of the jury.

Mr. Durbin has a total of 12 criminal history points placing him into criminal history category VI. Four of the six convictions in Mr. Durbin's past were for misdemeanor crimes.

Mr. Durbin asks that the Court find that the initial appropriate guideline range calls for a sentence between 140-175 months.

### III. PERSONAL HISTORY

In addition to the information provided in the Pre Sentence Report it is important to note that during the course of Mr. Durbin's incarceration, he has suffered significant health issues.

On November 30, 2021 the Defendant was diagnosed with Covid -19. A covid positive inmate was placed in the cell with him. As a result he developed hypertension, which is a long-term consequence of Covid-19.

On May 15, 2021, the Defendant tore his Achilles Tendon. Mr. Durbin had to fight for months to have testing and a consult with an orthopedic specialist. On August 5, 2021 the Court ordered proper medical testing for Mr. Durbin. Finally, on August 29, 2021 Mr. Durbin had an appointment with Dr. Berger at the University of Maryland who recommended an MRI. The MRI was conducted on October 5, 2021 and surgery was recommended. The surgery was finally performed on January 27, 2022. Mr. Durbin is currently still suffering from the surgery and has developed an infection at the surgery site which has still not been addressed. It is anticipated that he will need an additional surgery because of this infection.

On April 11, 2022 Mr. Durbin was attacked by another inmate at the Chesapeake Detention Center and was stabbed in the eye. He waited twenty minutes to be seen by medical while bleeding profusely out of his eye. Mr. Durbin waited an additional forty-five minutes for a van to take him to the hospital. He then waited an additional forty-five

minutes to be seen while still bleeding profusely. This was a medical emergency and 911 should have been called. The family was not notified.  Mr. Durbin is currently blind in one eye and is awaiting surgery.  His surgery was scheduled for July 14, 2022 and was cancelled and has not yet been rescheduled.

The impact that the COVID-19 pandemic has had on correction facilities and the inmates incarcerated in these facilities constitutes a mitigating circumstance not taken into consideration when sentencing guidelines were originally formulated and therefore warrants individualized sentences, varying downward from the original guidelines.

18 USCS § 3553 (a) defines the factors to be considered by the Federal Courts when imposing a sentence and includes such factors as the nature and circumstance of the offense, history of the defendant, the need for the sentence, the sentencing ranges established, and more.

18 USCS § 3553 (b)(1) provides some guidance for the application of the sentencing guidelines when imposing a sentence and states, in pertinent part: "Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 28 USCS § 991 (b)(1)(B) states that the purpose of the United Stated Sentencing Commission is to:
"provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been

found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices …"

This reference to taking into account mitigating or aggravating circumstances not initially considered in the making of the guidelines that warrant individualized sentences found in both sections shows the importance of the individualized sentence when certain circumstances, such as the unprecedented circumstances of the COVID-19 pandemic, are occurring that were not considered when creating the sentencing guidelines.

Because the factors taken into consideration under § 3553 (a) do not include unprecedented or extraordinary circumstances such as those being experienced due to the COVID-19 pandemic, § 3553 (b)(1) becomes even more important.

Due to the fact that there was no way the circumstances surrounding the COVID-19 pandemic could have been considered when originally creating sentencing guidelines, the current circumstances should be considered a mitigating factor not taken into account when creating the guidelines and therefore warrant individualized sentences, differing from the guidelines, taking into consideration the effect of the COVID-19 pandemic.

Mr. Durbin has been incarcerated though the entire pandemic.  In addition to suffering long term medical issues from Covid-19, he has suffered from a stabbing and a torn ACL, none of which have been properly addressed by the medical staff at the jail.

Consideration of Conditions of Confinement in Pre-trial Detention

Mr. Durbin was arrested by law enforcement in Harford County and has been incarcerated since May 12, 2020. Mr. Durbin has been detained in conditions very different than a facility run by the Federal Bureau of Prisons – including excessive heat in the summer, excessive cold in the winter, mold and other conditions that have led to health problems for prisoners, and a lack of vocational, recreational, and therapeutic programming as well as subpar medical and psychological services. The stress induced by these poor conditions of confinement have been further exacerbated by the onset of the novel COVID-19 virus, which has created a serious threat to everyone, particularly those in closed settings like prisons. Mr. Durbin, like many other inmates before him, asks this Court to contemplate the conditions he has endured over the past two years and consider awarding him additional credit for time served against his sentence.

Counsel knows that the bench in this District is unfortunately well aware of the conditions at CDF. Courts in other circuits have awarded additional credit against sentences in the form of a downward departure to account for such poor conditions of pre-trial confinement. *See United States v. Franz Sutton,* 2007 WL 3170128 (D.N.J. 2007); *United States v. Pressley,* 345 F.3d 1205, 1218 (11th Cir. 2003); *United States v. Carty,* 264 F.3d 191, 196 (2d Cir. 2001), (pointing to § 3553(b) as a basis, "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines," quoting USSG § 5K2.0); *United States v. Mateo,* 299 F.Supp.2d 201 (S.D.N.Y. 2004); *United States v.*

6

*Rodriguez*, 214 F.Supp. 2d 1239 (M.D. Ala. 2002); *United States v. Francis*, 129 F.Supp.2d 612, 616 (S.D.N.Y. 2001) (in illegal reentry case, court departs downward one level because defendant's 13 month pretrial confinement in county facility which was qualitatively different conditions than those of pre-sentence detainees in federal facilities operated by the Bureau of Prisons.); *United States v. Bakeas*, 987 F.Supp. 44, 50 (D. Mass. 1997) ( "[A] downward departure is called for when, as here, an unusual factor makes the conditions of confinement contemplated by the guidelines either impossible to impose or inappropriate.").

In light of the extraordinarily poor pre-trial conditions of pre-trial confinement, counsel asks that the Court for a downward variance in the sentence.

## V.  SENTENCING RECOMMENDATION

Undersigned counsel respectfully submits that in light of Mr. Durbin's age and personal history and characteristics, undersigned counsel respectfully submits that a sentence of 120 months is "sufficient but not greater than necessary" to satisfy the sentencing objectives of § 3553(a).

Respectfully submitted,

_____/s/_____
Catherine Flynn
217 North Charles Street, Floor 2
Baltimore, Maryland 21201
Telephone: (410)286-1440
Email: cflynn@catflynnlaw.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of September, 2022, a copy of the foregoing *Sentencing Memorandum* was filed under seal using the U.S. District Court for the District of Maryland's ECF system and sent via email to AUSA Christopher Romano and U.S. Probation Agent, Jessica Jackson.

_____/s/_____
Catherine Flynn